The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Young and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer.
3. Insurance Company of the State of Pennsylvania was the carrier on the risk.
4. Plaintiff is currently employed by the defendant-employer.
5. On June 14, 1998, plaintiff sustained an injury by accident to her knee arising out of and in the course of her employment with defendant-employer.
6. Plaintiff was out of work from June 17, 1998 to July 25, 1998 and received compensation from defendants at a rate of $219.00 per week during that time.
7. Plaintiff returned to work for defendant-employer on July 26, 1998 and continued to work through October 11, 1998. Since October 12, 1998, defendants have paid and are continuing to pay compensation at a rate of $219.00 per week to plaintiff.
8. The parties stipulated into evidence plaintiffs medical records from Greensboro Orthopaedic Center, Physical Therapy Sports Rehabilitation and N.C. Baptist Hospital.
9. The issues presented are:
a) Whether plaintiff sustained an injury by accident to her back during the course of her employment with defendant-employer on June 14, 1998?
b) Whether plaintiff is entitled to any further benefits under the North Carolina Workers Compensation Act?
10. The deposition of James P. Aplington, M.D. is a part of the evidentiary record in this matter.
 ***********
Based upon evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 42 years old and had delayed her course-work in computer science at a local community college. Furthermore, plaintiff was 57 and weighed 294 pounds and was still employed by defendant-employer, but had not worked since October 12, 1998. Furthermore, plaintiff has prior left leg deep vein thromboses, with pain and numbness, asthma, diabetes and bursitis in her right hip.
2. Prior to working for defendant-employer, plaintiff worked as a cashier at a convenience store for about nine months. During this job, plaintiff experienced pain in her thigh, leg, foot and her back.
3. On June 14, 1998, plaintiff was working for defendant-employer as a door greeter. Her duties included checking exiting customers tickets while sitting on a stool about one foot from a wall. As plaintiff checked tickets, a customer with a flat cart loaded with cases of sodas hit plaintiffs knee with the cart three times and each time plaintiff was knocked back against the wall. However, plaintiff never fell off of the stool.
4. At the end of her shift, plaintiff reported this accident to her supervisor, Paul Coleman and indicated that she had bruised her knee but she never mentioned injuring her back. At the hearing before the Deputy Commissioner, plaintiff testified that she failed to mention back pain because her knee hurt worse than her back. Significantly, plaintiff did not report any back pain to defendant-employer until nine months later when she reported it on March 18, 1999 on Defendants Associate Statement.
5. On January 25, 1998, plaintiff slipped on ice on her steps at home and fell on her bottom and went to the emergency room.
6. On June 15, 1998, plaintiff presented to Baptist Hospital emergency room and was treated conservatively. Plaintiff later returned to Baptist Hospital due to back pain and was taken out of work from July 2, 1998 until July 25, 1998.
7. On July 26, 1998, plaintiff returned to her regular job with defendant-employer.
8. Thereafter, on approximately October 1, 1998, plaintiff was at work when she heard a pop in her back.
9. Plaintiff was referred to Dr. James P. Aplington, an orthopaedic surgeon, and presented to him on October 23, 1998 for an evaluation of low back, right thigh and leg pain. Dr. Aplington diagnosed plaintiff with chronic low back pain and right leg pain with possible nerve root irritation and recommended an MRI.
10. At plaintiffs October 23, 1998 visit, Dr. Aplington inquired about plaintiffs prior history of back pain and plaintiff reported only that she had experienced some bursitis problems in her hips about ten years ago. Contrary to plaintiffs report and upon Dr. Aplingtons review of plaintiffs x-rays from Baptist Hospital, Dr. Aplington discovered films of plaintiffs lumbar spine dated January 1997, January 1998 and April 1998, all prior to plaintiffs accident of June 14, 1998.
11. Dr. Aplington removed plaintiff from work on October 23, 1998.
12. On November 3, 1998, plaintiffs MRI revealed a large central disc herniation at L4-5 causing severe central stenosis and bilateral L5 nerve root encroachment and a smaller central disc protrusion at L3-4 resulting in moderate central stenosis. Therefore, Dr. Aplington performed a central decompressive laminectomy on November 3, 1999 for which plaintiffs personal health insurance paid.
13. Dr. Aplington indicated that when plaintiff felt the pop in her back it could have been that she had an additional rupture or that she had a free fragment present, except that the MRI revealed no free fragment. Therefore, in this instance, no specific event caused the rupture and it could have been caused by a cough or a misstep.
14. According to Dr. Aplington, plaintiff is at a higher risk of health problems, including chronic back pain because of her weight. Dr. Aplington could not give an opinion to a reasonable degree of medical probability that there was one particular incident that caused plaintiffs back pain to worsen and that it was likely caused by her degenerative disc condition. Furthermore, Dr. Aplington could not give an opinion to a reasonable degree of medical probability that plaintiffs June 14, 1998 accident or any other incident in particular caused her disc ruptures and subsequent need for back surgery.
15. At the hearing, the Deputy Commissioner had the opportunity to observe the witnesses demeanors and the intonation of their voices and chose to give less weight to plaintiffs evidence. Considering the observations of the Deputy Commissioner, the testimony of both parties, including plaintiffs medical records and the incomplete medical history given by plaintiff to Dr. Aplington, greater weight is given to defendants evidence.
16. The greater weight of the evidence of record fails to establish that plaintiffs back condition is causally related to any injury by accident plaintiff sustained on June 14, 1998.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as matters of law the following
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident to her knee arising out of and in the course of her employment with defendant-employer on June 14, 1998. N.C. Gen. Stat. 97-2(6).
2. However, plaintiff has failed to carry the burden of proof to establish that she sustained an injury by accident to her back arising out of and in the course of her employment with defendant-employer on June 14, 1998 or that her back condition was causally related to her injury by accident of June 14, 1998. Therefore, plaintiff is not entitled to any further benefits. N.C. Gen. Stat. 97-2(6).
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission adopts and affirms the holding of the Deputy Commissioner and enters the following
 ORDER
1. Plaintiffs claim that she injured her back as a result of her injury by accident of June 14, 1998 is and under the law must be DENIED.
2. Defendants shall pay plaintiffs workers compensation benefits at the rate of $219.00 per week until the date of the initial hearing before the Deputy Commissioner in this matter.
3. Each side shall pay its own costs.
The ___ day of March 2001.
 S/__________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/____________________ THOMAS J. BOLCH COMMISSIONER
S/____________________ RENE C. RIGGSBEE COMMISSIONER